Joseph F. Gagliardi, J.
Certain individuals facing trial on informations in the Court of Special Sessions for the City of Yonkers have renewed their application pursuant to permission granted by the court to vacate search warrants issued by the undersigned sitting as a Magistrate. The grounds urged are that the affidavits, upon which the search warrants issued, do not show probable cause that the property sought either has been or will be used to commit a felony, or constitutes the fruits of a crime (Code Grim. Pro., § 792). They urge further that the delineation and identification of the property sought is too general, vague and inconclusive to allow for the seizure of any particular items of property.
While there arc two separate affidavits involved, they are identical in all material aspects. Consequently, the references throughout this decision will be to the affidavit used in connection with the search warrant issued with respect to 781 Midland Avenue for the purpose of convenience.
This affidavit is made by Carl A. Vergari, who states that he is the chief counsel to the State Investigation Commission (hereinafter referred to as Commission), which has been conducting an investigation in the City of Yonkers to secure evidence of violations of the Penal Law with respect to gambling and lotteries. The affidavit was executed “ in support of said investigation, and more particularly in order to obtain and seize personal property, records, writings, memoranda and other paraphernalia used as the means of committing the felony of contriving and drawing a lottery ’ ’.
However, Mr. Vergari does not indicate that he was in charge of this particular investigation, nor does he describe his duties as the chief counsel to the Commission. Thus, one is left to speculate whether he acted in a supervisory capacity or simply as an advisor to Commission personnel on the procedures to be followed and in the preparation of legal documents. The affidavit by Mr. Vergari is also silent as to whether he personally engaged in the investigation. The fact that a law enforcement body conducts an investigation into a possible breach of one or more sections of the Penal Law does not mean either that a crime has been committed or that there is probable cause to believe that a crime has been committed.
*804 The affidavit then recites that:
‘ ‘ Information submitted to the Commission of Investigation indicates that one Cyril V. Merlino, also known as ‘ Pat ’, and who is also known as ‘ Skip ’ and Pasquale Maselli, also known as ‘ Pat ’ and other persons whose true names are unknwon [sic] to deponent, are engaged in the commission of the felony of drawing and contriving a lottery; feloniously operating a policy business; the crimes and public offenses of bookmaking, possession of policy slips and keeping a place for the game of policy; conspiracy to commit the above crimes and public offenses in the 1%-story detached, brown stucco residence building and premises at 781 Midland Avenue, City of Yonkers, County of Westchester, State of New York. Said residence building and premises is being used in part as a front for the commission of the above-mentioned crimes, and is a part of said conspiracy.
“ Confidential investigation and surveillance of the activites [sic] conducted in said premises establishes that persons believed to be Cyril V. Merlino and Pasquale Maselli and others, receive and record bets on sporting events C. A. V. in the said premises.”
The most that may be said with respect to both paragraphs is that the Commission received some information. However, it is impossible to tell from the four corners of the affidavit whether it is based upon information which Mr. Vergari (on behalf of the 'Commission) may have received directly from informants or agents, or whether it is predicated upon information received from a co-employee within the Commission who, in turn, received it from another agent or outside source. While an affidavit in support of a search warrant may be based entirely upon observations of one other than the affiant, an affidavit of that character is insufficient unless it contains “ a substantial basis for crediting the hearsay” (Jones v. United States, 362 U. S. 257, 269). As this document lacks a clear delineation of the affiants’s duties and does not contain information with respect to the source of the information, it cannot be said that there is a substantial basis present to buttress or support the hearsay observations or statements contained therein.
In addition, tills document is objectionable because the affiant has failed to disclose the u information ” which was received by the Commission. There is no factual recitation of the fruits of the confidential investigation and surveillance contained in this document. The statements that information indicates that individuals are engaged in the commission of a felony and that confidential investigation in certain premises establishes *805 that certain individuals receive bets are pure conclusions. The provisions of the Code of Criminal Procedure authorizing the issuance of search warrants implement the constitutional protections applicable to all citizens in their homes and demands nothing less than a factual showing of probable cause that property which would qualify as evidence of the commission of a crime is contained on the premises sought to be searched and will in all likelihood be found therein upon entry under color of lawful authority (Code 'Grim. Pro., § 795; People v. Politano, 17 A D 2d 503, 505 [3d Dept.]).
In short, it is not sufficient for a law enforcement official to state that he possesses or has received facts and that he deduces therefrom that the grounds set forth in section 792 of the Code of Criminal Procedure exist. The affiant must set forth within the four corners of the affidavit the basis for his beliefs or conclusions in order to permit an independent determination by the Magistrate that the requisite statutory standards exist. As both affidavits are deficient in this regard, the search warrants are vacated and the property seized thereunder will be suppressed. The stay of the trials granted by the court on the return day of these motions is vacated.